**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Angel PACHECO–LOVIO, Defendant-Appellant.**

**No. 72-1127.**

United States Court of Appeals, Ninth Circuit.

July 3, 1972.

Rehearing Denied July 24, 1972.

---

* Honorable William M. Byrne, Sr., United States District Judge, Central District of California, sitting by designation.

George Haverstick, San Diego, Cal., for appellant.

**233**

Harry D. Steward, U. S. Atty., Stephen G. Nelson, R. Michael Bruney, Asst. U. S. Attys., San Diego, Cal., for appellee.

Before HAMLEY, DUNIWAY and WRIGHT, Circuit Judges.

PER CURIAM:

A jury found Pacheco-Lovio guilty of reentering the United States after having been arrested and deported in 1957, a violation of 8 U.S.C. § 1326. The court suspended imposition of sentence and placed him on probation for three years. We affirm.

Appellant sought to prove that he had been erroneously deported in 1957 because he was a native born citizen. The government introduced evidence that appellant had informed immigration officers in 1957 and 1962 that he had been born in Mexico and was a Mexican citizen. In addition the government introduced a copy of a birth certificate filed in the civil registry at Santa Ana, Sonora, Mexico, which stated that Pacheco-Lovio had been born there on October 9, 1939. Appellant contends that this document should not have been admitted in evidence because it was not authenticated in compliance with Rule 44(a) (2), Federal Rules of Civil Procedure, made applicable to criminal proceedings by Rule 27, Federal Rules of Criminal Procedure.

Rule 44(a) (2) allows a foreign official record to be evidenced by a copy "attested by a person authorized to make the attestation, and accompanied by a final certification . . . " by any of several officials with the United States Department of State in the foreign country. The Mexican official in charge of the civil registry had attested the copy of Pacheco-Lovio's birth certificate, and the final certification came from an immigration officer not a State Department employee. It stated that the copy accurately reflected the official document in the Sonora civil registry.

Rule 44(a) (2) contains an exception to the final certification requirement:

"If reasonable opportunity has been given to all parties to investigate the authenticity and accuracy of the documents, the court may, for good cause shown, (i) admit an attested copy without final certification . . . ."

Appellant's counsel conceded at trial that he had been aware of the Mexican birth certificate copy for some time prior to trial, and the trial judge admitted the copy under the foregoing exception.

Perhaps the document should not have been admitted without the development of facts supporting a finding of good cause for the failure to obtain certification from one of the officials specified in the rule. Pacheco-Lovio raised no objection directed to the absence of good cause, however, and we do not consider admission of the document plain error requiring reversal.

Appellant's other assignments of error do not warrant discussion.

The conviction is affirmed.