UNITED STATES of America,

v.

Ramzi Ahmed YOUSEF, a/k/a "Azan Muhammad," a/k/a "Khurram Khan," a/k/a "Rashed," a/k/a "Kamal Ibraham," a/k/a "Abdul Basit," a/k/a "Adam Ali Qasim," a/k/a "Naji Haddad," a/k/a "Dr. Paul Vijay," a/k/a "Dr. Adel Sabah," a/k/a "Amaldo Forlani," a/k/a "Ali Muhammad Baloch," Eyad Ismoil, a/k/a "Eyad Ismail" a/k/a "Iyad Mahmoud Ismaeel Najim," Defendants.

No. S12 93 Cr. 180 (KTD).

United States District Court, S.D. New York.

Sept. 17, 1997.

Honorable Mary Jo White (David N. Kelley, Lev L. Dassin, of counsel), New York, NY, U.S. Attorney.

Roy R. Kulcsar (Nancy Ennis, of counsel), New York, NY, for Defendant.

Louis R. Aidala (Joan Palermo, of counsel), New York, NY, for Defendant.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge.

Defendant Yousef has objected to the receipt in evidence of several foreign public records that the Government has offered. First, Yousef argues that the government failed to provide "certified" written notice of its intent to use this evidence pursuant to 18 U.S.C. § 3505. Second, Yousef argues that the Government has failed to comply fully with the requirements for self-authentication of such documents under Federal Rule of Evidence 902(3).

■ 18 U.S.C. § 3505 pertains to the admissibility of foreign records of regularly conducted business activity. 18 U.S.C. § 3505(a)(1)(B). The records at issue here are public documents, not business records. Thus, Section 3505 is inapplicable and the government need not have provided certified written notice of its intent to use this evidence.

Rule 902(3) establishes a presumption of authenticity for foreign public documents that are (1) "attested in an official capacity by a person authorized by the laws of a foreign country to make the execution or attestation" and (2) "accompanied by a final certification as to the genuineness of the signature and official position." The Rule also provides, however, that "[i]f reasonable opportunity has been given to all parties to investigate the authenticity and accuracy of official documents, the court may, for good cause shown, order that they be treated as presumptively authentic without final certification...."

■ It is undisputed that the documents at issue have been attested. There is a stamp and signature of what appears to be the consul in New York. Defendant Yousef alleges that they should be excluded, however, because they lack a final certification as to the genuineness of the signature and the official position of the attestor. Indeed, no such certification accompanies the documents. Thus, the question becomes whether the documents should be admitted under the final provision of the Rule, which provides an escape clause and permits such documents to be treated as presumptively authentic without final certification where reasonable opportunity has been given to all parties to investigate the authenticity and accuracy of official documents, and good cause is shown.

In this case, there is no doubt that counsel for Defendant Yousef had a reasonable opportunity to investigate the authenticity of the documents. The transcript of the first trial arising from this alleged conspiracy was provided to Yousef quite some time ago and makes clear both the relevance of these documents and that they would be offered. It should be noted that the documents are passports, obviously of Mr. Yousef.

Yousef argues that the copies provided during discovery did not bear any attestation or certification to be investigated or verified. The plain language of the Rule, however, does not seek to ensure an opportunity to investigate the authenticity of the attestation. Rather, it requires a reasonable opportunity to investigate the authenticity of the documents themselves. This is consistent with the principal purpose of the Federal Rules of Evidence as stated in Rule 102: "These rules shall be construed to secure fairness in the administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evidence to the end that the truth may be ascertained and the proceedings justly determined."

Receipt of the first trial transcript and receipt of copies of the documents at issue provided clear notice that the Government would likely introduce these documents. At that point, it was incumbent upon the defense to investigate the authenticity of the documents. I find that the defense had a reasonable opportunity to do so.

■ Still the question remains whether the Government has shown good cause for not obtaining certification. There is a dearth of case law to consult for guidance on this issue. Nonetheless, because Federal Rule of Evidence 902(3) is "derived from Rule 44(a)(2) of the Rules of Civil Procedure",

Federal Rule of Civil Procedure 44(a)(2) and its relevant case law is insightful for analyzing questions of "good cause" under Rule 902(3). *See* FED. R. Evid. 902, Advisory Committee's Note to Paragraph 3. The case law under Rule 44(a)(2) strongly encourages the development of facts supporting a finding of good cause. *See United States v. Leal,* 509 F.2d 122, 126 (9th Cir.1975) (requiring such a showing); *United States v. Pacheco–Lovio,* 463 F.2d 232, 234 (9th Cir.1972) (finding that document should not have been admitted without development of facts showing good cause but affirming conviction because defense failed to object to evidence). In the matter at hand, the government has not advanced facts explaining its inability to obtain certification from one of the officials specified in the rule. Thus, the documents cannot be admitted at this time.

Upon presentation by the Government of either a valid certification or an explanation of facts supporting a finding of good cause for failure to obtain such a certification, the admissibility of this evidence will be reconsidered.

SO ORDERED.